UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GREGORY A KASTEN and DOREEN KASTEN | ) ) ) |
| Plaintiffs, | ) ) ) CAUSE NO. 3:07-CV-615 CAN |
| v. | ) ) |
| FARMERS AUTOMOBILE MANAGEMENT CORPORATION, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

On March 6, 2007, Plaintiffs, Gregory A. Kasten and Doreen Kasten (the "Kastens"), filed their complaint in St. Joseph Circuit Court. On December 18, 2007, this case was removed to this Court by Defendant, Farmers Automobile Management Corporation ("Farmers"). On February 28, 2008, upon the consent of the parties, this case was reassigned to the undersigned for all purposes. On November 7, 2008, Farmers filed a motion for summary judgment. On the same day, the parties submitted a factual stipulation. On December 1, 2008, the Kastens filed a response in opposition. On December 9, 2008, Farmers filed a reply. This Court may now enter its ruling on all pending matters pursuant to the parties' consent and 28 U.S.C. § 636(c).

**I.  FACTUAL BACKGROUND**

The parties have indicated that the facts in this case have been stipulated. See Stipulation of Facts, Doc. No. 20. They are summarized as follows. On September 13, 2006, the Kastens' truck was rear-ended by third-party, Vincent Mettler ("Mettler"); and Gregory Kasten sustained bodily injury in the accident. At the time, Mettler was insured by Progressive Halcyon Insurance Company ("Progressive"), and carried a policy with bodily injury liability coverage limits of

1

liability of $25,000 per person, $50,000 per accident. The Kastens settled their claims against Mettler in exchange for Progressive's payment of its full per person bodily injury liability coverage limits of liability of $25,000.

Also, at the time of the accident, the Kastens carried an insurance policy with Farmers. This policy included coverage for Medical Payments ("Med Pay"), limited to $25,000, and Underinsured Motorist Bodily Injury ("UIMBI"), limited to $50,000 per person, $100,000 per accident. Following the accident, the Kastens submitted a claim for Med Pay benefits under the policy. Thereafter, Farmers paid $25,000 to the Kastens, under the policy's Med Pay coverage limits of liability.

In addition, the Kastens submitted a claim for UIMBI benefits under the policy. Farmers denied the Kastens' UIMBI claim, claiming that the policy's UIMBI "Limit of Liability" language entitled Farmers to reduce its $50,000 per person UIMBI limits by the $25,000 bodily injury payment that the Kastens received from Progressive and by the $25,000 Med Pay coverage that the Kastens received from Farmers. As such, Farmers concluded that the Kastens were not entitled to any UIMBI coverage under the policy.

The parties agree that the Kastens' sustained damages in excessive of $50,000. In addition, the parties agree that, because Mettler was driving an "underinsured motor vehicle," the UIMBI provision of the policy applies to the damages sustained by the Kastens. The parties do not dispute that Farmers had the right to reduce UIMBI coverage by the amount paid by Progressive. However, the parties disagree whether Farmers was also entitled to reduce UIMBI coverage by the amount Farmers paid to the Kastens in Med Pay benefits. The issue is one of contract interpretation.

## II. ANALYSIS

### A. Standard of Review

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Lawson v. CSX Transp., Inc., 245 F.3d 916, 922 (7th Cir. 2001). In determining whether a genuine issue of material fact exists, this Court must construe all facts in the light most favorable to the non-moving party as well to draw all reasonable and justifiable inferences in favor of that party. Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986); King v. Preferred Technical Group, 166 F.3d 887, 890 (7th Cir. 1999). To overcome a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings. Rather, the non-moving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Robin v. Espo Eng'g Corp., 200 F.3d 1081, 1088 (7th Cir. 2000). Where a factual record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing Bank of Ariz. v. Cities Services Co., 391 U.S. 253, 289 (1968)).

### B. Summary Judgment Motions

The Kastens argue that Farmers breached its contractual duties under the insurance policy, in bad faith, by reducing the amount of UIMBI benefits allegedly due under the policy, by the amount of Med Pay benefits that Farmers had already paid to the Kastens. Farmers replies that its reduction in payment of UIMBI benefits was made pursuant to the plain language of the policy.

In addition, Farmers contends that its determination did not breach any Indiana statutory provisions regarding either set off or bad faith dealing.

"A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits," which includes the state's conflict rules. Land v. Yamaha Motor Corp., 272 F.3d 514, 516 (7th Cir. 2007); Carolina Cas. Ins. Co. v. Estate of Zinsmaster, 2007 WL 3232461 at *2 (N.D. Ind. 2007). Both parties have indicated that Indiana law applies to this contract dispute.

In Indiana, the interpretation and construction of contract provisions is a function for the courts. Klitz v. Klitz, 708 N.E.2d 600, 602 (Ind. Ct. App. 1999). In interpreting an unambiguous contract, a court gives effect to the parties' intentions as expressed in the four corners of the document. Noble Roman's, Inc. v. Pizza Boxes, Inc., 835 N.E.2d 1094, 1098 (Ind. Ct. App. 2005). Unless the terms of a contract are ambiguous, they will be given their plain and ordinary meaning. Id. Whether a contract is ambiguous is a question of law. W. Ohio Pizza, Inc. v. Clark Oil & Refining Corp., 704 N.E.2d 1086, 1091 (Ind. Ct. App. 1999). Where the terms of a contract are clear and unambiguous, they are conclusive and a court will not construe the contract or consider extrinsic evidence. Eckart v. Davis, 631 N.E.2d 494, 497 (Ind. Ct. App. 1994). A contract is not ambiguous merely because the parties disagree about the proper interpretation of its terms. Arrotin Plastic Materials of Ind. v. Wilmington Paper Corp., 865 N.E.2d 1039, 1041 (Ind. Ct. App. 2007). In fact, a contract is only ambiguous where a reasonable person could find that its terms are susceptible to more than one interpretation. Id. If a contract is uncertain and its meaning is to be determined by extrinsic evidence, its construction is for the finder of fact. Schoemer v. Hanes & Assoc.s, Inc., 693 N.E.2d 1333, 1338-39 (Ind. Ct. App. 1998).

As stated above, the parties agree that the UIMBI provision of the insurance policy was implicated by the Kastens' accident. However, Farmers argues that it properly reduced the amount of UIMBI benefits payable under the policy by the amount Farmers had paid to the Kastens in Med Pay benefits. In support, Farmers points to the language of the policy regarding "Limit of Liability." The relevant "Limit of Liability" language under the UIMBI section of the policy is stated below.

> A. The limit of liability shown in the Declarations for each person for Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of "bodily injury" sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Declarations for each accident for Underinsured Motorist Coverage is our maximum limit of liability for all damages for "bodily injury" resulting from any one accident.
>
> . . .
>
> C. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:
> 1. Part A [Liability coverage] or Part B [Med Pay Coverage] of this policy; or
> 2. Any Uninsured Motorists Coverage provided by this policy.

See Doc. No. 20-2 at 21-22 (explanatory parentheticals added). See also Stipulation of Facts, Doc. No. 20 at 4-5.

It is the law that ambiguous contract provisions should be construed liberally in favor of the insured. Miller v. Dilts, 463 N.E.2d 257 (Ind. 1984); Nat'l Mut. Ins. Co. v. Eward, 517 N.E.2d 95, 100 (Ind. App. 1987). However, where the contract language is not ambiguous, the Court is to give the language its plain meaning. Tate v. Secura Ins., 587 N.E.2d 665, 668 (Ind. 1992). The Kastens do not argue that the policy terms are ambiguous, and, indeed, this Court finds them to be unambiguous. Compare Shelter v. Woolems, 759 N.E.2d 1151, 1155 (Ind. Ct.

App. Cir 2001) (interpreting nearly identical claims under a nearly identical policy provision in favor of the insurer's decision to deny duplicate coverage).

Instead, the Kastens argue that Farmers' decision to reduce the UIMBI award by its previously paid Med Pay award violated Indiana statutory and case law. To begin, the Kastens argue that Farmers' decision violated I.C. § 27-7-5-5(c), regarding applicable set offs from UIMBI coverage. The Kastens argue that, because set off for Med Pay benefits is not specifically mentioned in the statute, Farmers decision to do so was prohibited by the statute. This Court is not persuaded by the Kastens interpretation of the statute. Instead, the plain reading of the statute shows that it sets maximum amounts of UIMBI payments for bodily injury, not minimum amounts. Further, the statute specifically allows set offs from the established maximums. In addition, the Kastens fail to cite any authority to show that the statute's silence, regarding sets off for Med Pay benefits, is intended to be proscriptive of such set offs. Accordingly, this Court concludes that the statute does not proscribe set off of paid Med Pay benefits from a UIMBI award.

Next, the Kastens urge this Court to follow the lead of some legal treatises which have argued against reduction of UIMBI awards by amounts paid in Med Pay awards. However, this Court will not follow the lead of secondary sources of authority when Indiana law is clear. In Shelter, the Indiana Court of Appeals held that an insurer was entitled to set off Med Pay award from UIMBI benefits, pursuant to a nearly identical policy provision as the one in the immediate case. See Shelter v. Woolems, 759 N.E.2d 1151, 1155 (Ind. Ct. App. Cir 2001). Accordingly, because an Indiana Court has held such a set off to be reasonable, the decisions of other jurisdictions are unpersuasive. And, as Shelter makes clear, Farmers' decision is not contrary to the law of Indiana.

In addition, the Kastens contend that allowing Farmers to offset UIMBI payments with Med Pay benefits, "has the effect of allowing Farmer's to be subrogated for repayment of the medical payments it made before its insureds have been made whole." However, the Kastens have failed to sufficiently articulate how the issue of subrogation affects this case and how the law cited by the Kastens supports their assertion. Accordingly, this Court finds the Kastens' arguments and use of authority to be unpersuasive.

Finally, the Kastens assert that it is against public policy to permit Farmers to set off Med Pay benefits because it renders the UIMBI policy limits illusory. However, the public policy of this state is expressed in I.C. § 27-7-5-5(c), which specifically permits set offs from UIMBI benefits. In addition, this Court is further persuaded by Farmers' presentation of alternative scenarios in which all of the policy's UIMBI benefits could be realized by the insured. Such examples evidence that the maximum UIMBI benefit under the policy is not illusory as the Kastens suggest.

### III. CONCLUSION

This Court finds that the Kastens have failed to establish that Farmers' decision to offset UIMBI payments by Med Pay benefits violated the terms of the insurance policy. As such, because the Court finds that Farmers properly set off Med Pay benefits under the express provisions of the contract, this Court also concludes that Farmers did not breach its duty of good faith to the Kastens. See Erie Ins. Co. v. Hickman by Smith, 519 N.E.2d 515, 519 (Ind. 1993) (citing an insurer's "unfounded refusal to pay policy proceeds" as an threshold element for a claim of bad faith). Accordingly, this Court **GRANTS** Farmers' motion for summary judgment. [Doc. No. 19]. The Clerk is **ORDERED** to enter judgment for Farmers, to tax costs against the Kastens, and to term the case.

**SO ORDERED**.

Dated this 17th Day of December, 2008.

                                                                              S/Christopher A. Nuechterlein
                                                                              Christopher A. Nuechterlein
                                                                              United States Magistrate Judge